Joann E. BOOTH, a/k/a Joann E. Crompton, Plaintiff and Respondent,

v.

Robert CROMPTON, Defendant and Appellant.

No. 15276.

Supreme Court of Utah.

July 27, 1978.

**4.** Sutherland, Statutory Construction, Sec. 15.-06.

**5.** 14 Utah 345, 47 P. 670 (1896).

S. Rex Lewis of Howard, Lewis & Petersen, Provo, for appellant.

D. John Musselman, Orem, for respondent.

CROCKETT, Justice:

Plaintiff, Joann E. Booth, brought this action in our District Court for delinquencies in support payments founded on a decree of divorce filed July 9, 1969, in the Circuit Court of Clackamas County, Oregon. The court found the delinquencies to be $11,220.65 and entered judgment for that amount.

Defendant does not question his obligation under the Oregon decree, nor the accuracy of the computation of his delinquencies thereunder. His argument is that because the plaintiff accepted public welfare assistance from the state of Oregon in supporting the children when some of his support payments were not forthcoming, the state of Oregon became subrogated as assignee of the claim against him, and the plaintiff is therefore not entitled to bring this suit.

■ It is to be conceded that if there is a complete and bona fide assignment to someone other than the plaintiff, and the defendant has knowledge thereof; that could be asserted as a defense.[1] The main reason for this is that the cause of action should be brought by the real party in interest so that the obligee may not be subjected to liability by more than one party on the same claim. But where a defendant is shown to be liable under an original obligation, and asserts as a defense that it has been assigned to another, the burden of proving such an assignment is upon him.[2] Therefore, inasmuch as the defendant is indisputably responsible for this debt; and his only defense is his claim that the right to bring this action has been assigned to the state of Oregon, the pertinent inquiry is to whether there has been such an assignment.

A search of the record reveals no evidence whatsoever concerning any such assignment to the state of Oregon, or the amount thereof, nor does the defendant point to any, except some testimony elicited from the plaintiff, which the defendant argues has that effect.

Q: Have you been receiving assistance from the Department of Family Services or Welfare in the State of Oregon?

A: Off and on through the past eight years, not regular.

Q: Not regular?

A: I haven't received anything for almost a year.

Q: Did you make an assignment of all of your rights in and any support money when you applied for assistance from the State of Oregon?

A: Did I what? Pardon me.

Q: Assignment of your rights to the State of Oregon.

---

1. *Lynch v. MacDonald*, 12 Utah 2d 427, 367 P.2d 464 (1962).

2. That the burden of proving an affirmative defense is on him who asserts it see Rule 8(c), U.R.C.P.; and see *Hintze v. Seaich*, 20 Utah 2d 275, 437 P.2d 202.

A: You mean that they would receive the support payments?

Q: Yes.

A: They—They always do that.

Q: And when did you go off receiving assistance?

A: I think in January-February.

Q: January or February of this year?

A: Yes, because I have been in this school for nine months, almost.

Q: Is it safe to say then that up til that time all the rights you had have been assigned to the State of Oregon while you are receiving assistance?

A: That the support payments were, yes.

Q: Yes, your answer, "Yes"?

A: Yes.

In regard to the defendant's contention that the foregoing dialogue constituted proof that the state of Oregon owns the cause of action against him and plaintiff does not, these observations are pertinent: it is the trial court's prerogative to judge the credibility of evidence and to find or to refuse to find facts therefrom; and this includes the prerogative of drawing or refusing to draw inferences therefrom. Inasmuch as he remained unconvinced and refused to find in accordance with the defendant's contention, this Court would reverse and compel such finding only if the evidence were such that all reasonable minds would necessarily so find.[3]

In considering the above quoted evidence, in the framework just stated, the trial court could reasonably regard it as nothing more substantial than an assumption on the defendant's part that the plaintiff knows what the law of Oregon is and that her opinion establishes that there was such a complete assignment of her cause of action that it divested her entirely of any rights to sue thereon, and vested that right exclusively in the state of Oregon. We see nothing in the situation thus presented which would necessarily be regarded as evidence which would compel the trial court to find that the right to bring this action was thus exclusively vested in the state of Oregon. It is further to be noted that except what is quoted above, there was no evidence, nor any offer of proof, as to what the law of the state of Oregon is.[4]

In the absence of any proof which was satisfactory and persuasive to him that the plaintiff had so divested herself of her right to sue and has assigned that right exclusively to the state of Oregon, the trial court was justified in entering the judgment of the plaintiff.

In consideration of any legitimate apprehension the defendant (or anyone in similar circumstances) may have of being subjected to double liability for the delinquent payments for support of his children, we proceed beyond what has been stated above. In the absence of any proof, or the calling to the attention of the court[5] of what the Oregon law is, it is presumed to be the same as our own.[6] (The fact is that it is essentially the same.[7]) Our statute, U.C.A. 1953, 78–45–9(1) provides:

> The obligee may enforce his right of support against the obligor and the state department of social services may proceed pursuant to this act or any other applicable statute, either on its own behalf or on behalf of the obligee, to enforce the obligee's right of support against the obligor . . .

The obvious and salutary purpose of the statute is to facilitate, but certainly not to obstruct, the collection from delinquent parents for support for their children. For that purpose it plainly permits either the obligee (the plaintiff) or the State Department of Social Services (in this instance

---

3. See *Walker Bank & Trust Co. v. First Security Corp.*, 9 Utah 2d 215, 341 P.2d 944.

4. This is stated advisedly, though on appeal the briefs do refer to the Oregon statutes similar to our own. O.R.S. Secs. 416.240 and 418.042 (1975).

5. See Rule 9, Utah Rules of Evidence (1971).

6. See *Whitmore Oxygen Co. v. State Tax Commission*, 114 Utah 1, 196 P.2d 976 (1948).

7. See note 4 above.

that would be Oregon) to enforce the right of support against the obligor (defendant). This would be true even if it be assumed that there had been an assignment of plaintiff's rights to the state of Oregon for some of the payments in the past. As to them the plaintiff has the right to bring the action, but in equity should be regarded as suing for the benefit of herself and as trustee for the state of Oregon to whatever extent it had a beneficial interest in the judgment. Moreover, instead of setting up what can only be properly regarded as a pseudo-defense, the defendant could have protected himself by seeing that the state of Oregon was so joined in the action and its interests thus protected,[8] which incidentally, the trial court did as explained below.

But what has just been discussed relates to the rights on the plaintiff's side of the case; and except only that he be protected from double liability, the defendant should not be heard to complain of the method of bringing suit, since he has no interest in and should have no control over whatever division may be made of any payments he may make on this debt which he unquestionably owes.

The trial court took cognizance of the fact that there may have been an assignment of part of the support payments to the state of Oregon and exercised care to safeguard its interests. It included in its judgment the direction that counsel for the plaintiff "ascertain from the Oregon authorities whether or not all or part of this judgment should be assigned to the state of Oregon, and if so, plaintiff is ordered to execute appropriate assignment documents." By doing so the court made the plaintiff in effect a trustee for any amount of the judgment justly due the state of Oregon and thus safeguarded its interest; and also protected the defendant against any possible double liability on his delinquency in child support.

Indulging the standard presumptions of verity to the findings and judgment of the trial court,[9] the defendant has failed to meet his burden on appeal of showing error which would justify overcoming the judgment.

Affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

---

8. See Rule 20, U.R.C.P.

9. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176.