**Avis A. WOOLSEY, Plaintiff and Appellant,**

v.

**Bert A. WOOLSEY, Defendant and Respondent.**

No. 17112.

Supreme Court of Utah.

July 14, 1981.

Paul James Toscano, Orem, for plaintiff and appellant.

Pete N. Vlahos, Ogden, for defendant and respondent.

OAKS, Justice:

Plaintiff brought this action to "renew" an earlier Utah court judgment based on an Idaho divorce decree that ordered defendant, her former husband, to pay her child support. The issue is the appropriateness of the district court's holding that the Utah judgment could not be renewed.

Plaintiff and defendant were divorced in June of 1969 by decree of the district court in Elmore County, Idaho. The court awarded plaintiff the custody of their four minor children, and ordered defendant to pay $50 per month for each child during the period of his or her minority. Shortly thereafter, plaintiff apparently moved to Utah, where she executed an assignment to the Utah State Department of Social Services of monies payable to her by defendant during the time she was a welfare recipient. Thereafter, she received welfare assistance from the Department.

12.  192 A.2d at 27.

Soon after the Idaho decree, defendant defaulted on his support payments, and on October 7, 1970, plaintiff secured a default judgment against him in the amount of $2,333.70 for arrearages in child support payments and for attorney's fees. That judgment, awarded by the Fourth Judicial District Court of the State of Utah, was based on the 1969 Idaho decree. In September of 1978, plaintiff brought the present action, also in the Fourth District Court, asking that "the Judgment entered by this Court [on October 7, 1970] be renewed."

Plaintiff's attempt to renew the judgment for the $2,333.70 arrearages as of October 7, 1970, is unavailing because the record conclusively shows that defendant's payments on that judgment have more than satisfied its total amount. The issue in this case concerns plaintiff's attempt to "renew" the judgment as to amounts accrued since October 7, 1970.

Plaintiff asserts that the 1970 Utah judgment gave full faith and credit to the Idaho divorce decree and thereby adopted the Idaho decree "in toto," in effect making it a Utah decree ordering defendant thereafter to pay the specified monthly installments for child support. Though that result is apparently now expressly authorized under Utah Code Annotated, 1953, § 78–45–7(1) (as amended by Utah Laws 1977 ch. 145), there is no indication that this was the effect of the 1970 judgment. Instead, the findings of fact and conclusions of law relating to that judgment clearly state that it was only a judgment for $2,050.00 "delinquent support" and for $283.70 attorney's fees.

Since the 1970 Utah judgment imposed no prospective obligation on the defendant to continue the support payments specified by the Idaho decree, the Utah judgment cannot now be "renewed" to achieve that result.[1] The ruling of the trial court dismissing this action must therefore be affirmed. Costs to respondent.

STEWART and HOWE, JJ., concur.

HALL, C. J., concurs in the result.

MAUGHAN, J., heard the arguments but died before the opinion was filed.

---

1. This decision does not prevent plaintiff from filing an action in a Utah court to collect amounts accrued under the 1969 Idaho decree that have not been barred by the statute of limitations, §§ 78–12–22, 78–12–45; *Seeley v. Park*, Utah, 532 P.2d 684 (1975), or satisfied by payment to plaintiff or to the Department of Social Services under plaintiff's assignment. That assignment does not prevent plaintiff from enforcing defendant's unpaid obligations under the support decree since plaintiff's assignment only gave expression to the Department's subrogation rights acquired to the extent the Department paid monies to the plaintiff. §§ 78–45b–3, 78–45–9; *Booth v. Crompton*, Utah, 583 P.2d 82, 84–85 (1978).