**Joyce K. JACOBSEN, Plaintiff and Appellant,**

v.

**Lorna K. BUNKER and William Frederick Rigby, Defendants and Respondents.**

No. 18922.

Supreme Court of Utah.

Feb. 28, 1985.

---

Dexter L. Anderson, Fillmore, for plaintiff and appellant.

Robert D. Atwood, Logan, for defendants and respondents.

Eldon A. Eliason, Delta, for Bunker.

STEWART, Justice:

The plaintiff, Joyce K. Jacobsen, appeals from a judgment which awarded $236.49 to the defendant, Lorna K. Bunker, and which held defendant William Rigby not liable as an indemnitor. We reverse and remand for entry of judgment in accordance with this opinion.

The plaintiff Jacobsen and the defendant Bunker are sisters. In the 1960's, Jacobsen and Bunker each borrowed money from their father and signed promissory notes as evidence of their indebtedness; neither note was ever discharged. Jacobsen's last payment on her note was made October 15, 1973; Bunker's last payment was made January 5, 1976. In 1976 their father died, and one-third of the balance remaining on each note was distributed on July 7, 1977, to each sister and to a surviving brother. On August 15, 1978, Jacobsen sued Bunker for her one-third share of the balance due on the Bunker note. Bunker counterclaimed for one-third of the balance due on the Jacobsen note. Jacobsen joined as a defendant her ex-husband, William Rigby, to pay the amount due on her note, if any, pursuant to a "hold harmless" clause in a divorce decree which dissolved the marriage between Jacobsen and Rigby.

The trial court offset the amount Jacobsen owed on her note against the amount owed her on the Bunker note and awarded Bunker a judgment for $236.49, the difference in the amounts owed on the two notes. The trial court also ruled that defendant Rigby was not liable on plaintiff's note because of a settlement agreement executed subsequent to the divorce decree.

On appeal, Jacobsen's. main contention is that the California four-year statute of limitations for actions on written instruments, Cal.Civ.Proc.Code section 337 (Deering 1972), bars Bunker's counterclaim. Ja-cobsen asserts that according to California law, the statute ran from the date of her last payment on October 15, 1973 and accordingly the last date that Bunker could have brought her counterclaim was October 15, 1977.

■ The law of California governs the outcome of this case. Both litigants' notes were executed and payable in California. Utah Code Ann., 1953, section 78–12–45 provides:

> When a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state and who has held the cause of action from the time it accrued.

"[W]here a contract is entered into and is to be performed in a foreign jurisdiction the law of that jurisdiction should be applied...." *Morris v. Sykes*, Utah, 624 P.2d 681, 683–84 (1981). The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. *Bologna Brothers v. Morrissey*, La. App., 154 So.2d 455, 459 (1963).

Jacobsen argues that the California statute of limitations bars the counterclaims even though it acts as a set-off. As authority, plaintiff cites 51 Am.Jur.2d *Limitations of Actions* § 78 at 657 (1970) which states:

> In the absence of a statute to the contrary, a demand pleaded by way of a set-off, counterclaim, or crossclaim is regarded as an affirmative action in most jurisdictions and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations, and is unavailable if barred. [Footnotes omitted.]

Bunker contends that a set-off is not barred by the statute of limitations, citing several Utah cases which have allowed set-offs based on claims that would otherwise

have been barred by the statute of limitations.

Neither party has cited any California law on this issue.[1] In the absence of appropriate references to the applicable law of a foreign jurisdiction, that law will be presumed to be the same as Utah law. *Booth v. Crompton,* Utah, 583 P.2d 82 (1978); *Maple v. Maple,* Utah, 566 P.2d 1229 (1977).

*Salt Lake City v. Telluride Power Co.,* 82 Utah 607, 17 P.2d 281 (1932), held that if a defendant had a counterclaim that otherwise would have been barred by a statute of limitations, the counterclaim could be set-off against the plaintiff's claim, notwithstanding the statute of limitations. The Court's analysis was based on Comp.Laws of Utah section 6578 (1917) which provided in relevant part:

> When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other....

*See also Stewart Livestock Co. v. Ostler,* 105 Utah 529, 144 P.2d 276 (1943); Annot., 1 A.L.R.2d 630, § 13 (1948).

Rule 13(i) of the Utah Rules of Civil Procedure adopted that law. That rule provides in part: "When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other...." Pursuant to that rule, the amount due Bunker on the Jacobsen note may be used as an offset against the amount owed Jacobsen. However, Bunker is not entitled to affirmative relief on the offsetting counterclaim under

Rule 13(i). Accordingly, the judgment for $236.49 is reversed.

Because of our ruling on the effect of a set-off, we need not reach the issue of Rigby's obligation, if any.

Reversed. Costs to appellant.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**1.** If California law were to be applied, defendant Bunker's action would only be barred to the extent it is greater than the plaintiff's claim. *See* Cal.Civ.Code § 431.70 (Deering 1972) which provides in relevant part:

> Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting his claim would at the time of filing the answer be barred by the statute of limitations.