Pauline JONES (CANADY) *v.* Doyle JONES

CA 87-38                                    737 S.W.2d 654

Court of Appeals of Arkansas
En Banc
Opinion delivered October 14, 1987
[Rehearing denied November 11, 1987.]

*Perroni, Rauls & Looney, P.A.*, by: *Samuel A. Perroni* and *Rita S. Looney*; and *Friday, Eldredge & Clark*, by: *S. Randolph Looney*, for appellant.

*Loh, Massey & Yates, Ltd.*, by: Howard C. Yates, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Pulaski County Chancery Court. Appellant, Pauline Jones (Canady), appeals the chancellor's ruling which ordered that the parties' property be sold, with the proceeds to be equally divided after reduction for costs of the sale and for $1,500.00 back child support due to appellant for the support of their handicapped child. We affirm as modified.

The parties were divorced on August 25, 1965, with possession of the parties' home awarded to appellant until further orders of the court. In 1985, the handicapped child moved out of the home and the appellant remarried and remained in possession of the property. On March 10, 1986, appellee filed a petition seeking to have the parties' home sold and the proceeds divided. On April 10, 1986, appellant filed her response and counterclaim, seeking unpaid alimony and child support; or, in the alternative, these amounts in set-off against any amounts due appellee as his interest in the home. The unpaid alimony appellant prayed for was in the amount of $900.00, the unpaid child support was $11,400.00. On September 23, 1986, appellant filed an amended response to appellee's petition seeking the value of improvements and the amounts of repairs made and taxes paid on the property as a set-off against appellee's share of the sales proceeds.

The chancellor's order, entered on October 6, 1986, held that appellant's counterclaim for alimony and child support was barred by the statute of limitations, excluding that portion of the child support which accrued in the immediately preceding five

years. The court held that the parties' ownership of the property in question remained as tenants by the entirety and that appellant's counterclaim for the enhanced value of the property due to improvements made and property taxes would not be allowed under the Betterment Act. The court ruled that it would be contrary to the law to consider appellant's equitable claims based on the doctrines of unclean hands and laches. Therefore, appellant's counterclaim was denied.

Appellant raises the following points for reversal: (1) The trial court erred when it allowed the statute of limitations to bar appellant's claim for unpaid alimony and child support asserted as a defensive set-off against appellee's claim to one-half of the sales proceeds from a judicial sale of the house as a final property settlement in the divorce; (2) the trial court erred when it disallowed appellant's counterclaim for an amount equal to the enhanced value of the property due to improvements made by appellant under the Betterment Act as a set-off against appellee's share of the sales proceeds; and (3) the trial court erred when it disallowed appellant's equitable claims, based on the doctrine of laches and the doctrine of unclean hands, in an amount equal to unpaid alimony and child support as well as the enhanced value of the property due to improvements made by appellant.

In her first point for reversal, appellant alleges that the trial court erred by allowing the statute of limitations to bar her claim for unpaid alimony and child support asserted as a defensive set-off against appellee's claim to one half of the sales proceeds from a judicial sale of the house. The statutory authority is Arkansas Statutes Annotated § 37-233 (Repl. 1962) which provides:

> Limitations apply to demands by way of set-off.—The provisions of this act shall be deemed and taken to apply to the case of any demand alleged by way of set-off on the part of any defendant, either by plea, notice or otherwise, provided however that any demand, right or cause of action, regardless of how same may have arisen, may be asserted by way of set-off in any action to the extent of the plaintiffs demand.

In *Little Rock Crate & Basket Co.* v. *Young*, 284 Ark. 295, 681 S.W.2d 388 (1984), the appellee filed a complaint in 1981 to recover $7,207.20 as the purchase price of logs he sold to the

appellant in 1979. The appellant's answer denied the appellee's claim and asserted a $5,000 set-off arising from the appellant's sale of a core chipper to the appellee in 1972, *a claim apparently barred by limitations*. On appellee's motion for summary judgment, the trial judge disallowed the appellant's set-off. Writing for a unanimous court, Justice George Rose Smith posed this question:

> When a plaintiff brings suit upon a claim arising from a certain transaction, may the defendant successfully assert a setoff that arose from a different transaction and was barred by limitations when the plaintiff's cause of action accrued? The trial judge construed the controlling statute to mean that such a setoff cannot be allowed in reduction of the plaintiff's claim. We disagree.

*Id.* at 295, 681 S.W.2d at 388. The supreme court reversed, holding that the trial court erred in its disallowance of the $5,000 set-off by summary judgment.

In the case at bar, the chancellor should have allowed appellant's *defensive set-off* for the back alimony and child support. As set out in Arkansas Statutes Annotated § 37-233, the set-off will be limited to the extent of appellee's demand; his claim to one-half of the proceeds from the sale of the parties' home. If the set-off amount exceeds the extent of appellee's demand, the excess will be barred by the statute of limitations. We affirm as modified for the trial court to enter such orders as are necessary to implement this decree.

Secondly, appellant argues that pursuant to the Betterment Act, she is entitled to an amount equal to the enhanced value of the property due to improvements made by appellant as a set-off against appellee's share of the proceeds. The chancellor was correct in finding that the Betterment Act did not apply. The Betterment Act, Arkansas Statutes Annotated § 34-1423 (Repl. 1962), provides that:

> Recovery for improvements and taxes paid on land of another.—If any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve, any land which upon judicial investigation shall be decided to belong to

another, the value of the improvement made as aforesaid and the amount of all taxes which may have been paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or the person under whom or from whom he entered and holds, before the court rendering judgment in such proceedings shall cause possession to be delivered to such successful party.

■ In the case at bar, appellant did not reasonably believe that she was the sole owner of the property. At the time of the divorce, appellant was given possession of the property "until further orders" of the court. Improvements made with the knowledge that another is claiming an interest in the property can hardly be characterized as improvements made under a *bona fide* belief of ownership. *Lawrence* v. *Lawrence*, 231 Ark. 324, 329 S.W.2d 416 (1959). The Arkansas Supreme Court held as follows: "It will be noted that the statute provides 'peaceably improved.' Even the evidence on behalf of appellant reflects that most of the improvements were made after appellant had notice that appellee was claiming half interest in the property." *Id*. at 330, 329 S.W.2d at 420. In the case at bar, all the improvements made by appellant were made after appellant had notice that she merely had possession of the property until further orders of the court, and that appellee had an interest in the property. Therefore, the Betterment Act does not apply in this case.

We need not address appellant's third argument for reversal as our disposition of the first two issues decides this case.

Affirmed as modified.