KAHN, Judge.
This is a proceeding under Chapter 88, Florida Statutes, the Uniform Reciprocal Enforcement of Support Act (URESA). The record demonstrates that Mr. and Mrs. Linden were divorced in Butler County, Alabama in November of 1986. The Alabama decree addressed Mr. Linden’s child support obligation for the parties’ minor son as follows: “Respondent shall pay, as reasonable child support, the sum of $100.00 per month, beginning July 1, 1987 and each month thereafter until the minor child of the parties shall reach the age of nineteen years, become self supporting or is earlier emancipated. Said payments shall be made to the Register of the Circuit Court of Butler County, Alabama, Green-ville, Alabama.”
No direct payment of child support pursuant to the Alabama decree was ever made by Mr. Linden. After the child reached the age of majority, the mother, by then a resident of Georgia, and having never received any payments pursuant to the above-quoted provision of the Alabama decree, instituted this URESA action.[1]
The facts are not in dispute. While the Alabama divorce decree does not refer in any way to Mr. Linden’s receipt of social security disability benefits, the record bears out that Mr. Linden, as well as the minor child, received social security benefits before and after the Linden’s divorce. Mr. Linden has never appealed the Alabama decree, nor otherwise questioned its efficacy.
At the URESA hearing Mr. Linden admitted he had never made payment of the $100 per month child support, but contended that social security disability payments actually received by the child, acted as child support payments under the law of Florida or Alabama. The trial court denied the URESA petition, specifically finding that under this court’s decision in Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1991), the father should be given credit in the amount of social security benefits received by the child. Since the social security amount exceeded the amount of child support that had come due under the Alabama decree, the trial court concluded that the father’s obligations for child support were satisfied in full.
The Department of Health and Rehabilitative Services and Mrs. Linden appeal to this court arguing that the action of the trial court amounted to an unlawful retroactive modification of a vested right for child support, that the trial court’s order acts to deny full faith and credit to the Alabama divorce decree, and that Williams does not apply to this case, because Williams involved the initial establishment of child support, and not enforcement of an original child support order which had never been challenged. We reverse and remand.
Mr. Linden argues that under either Williams or the Alabama decision of Binns v. Maddox, 327 So.2d 726 (Ala.Civ. App.1976), the trial court correctly credited *209 the social security disability amounts to Mr. Linden’s child support obligation.
In Binns, the father paid child support pursuant to the divorce decree for a period of two years until he became totally disabled for social security purposes. At that time the children began drawing social security benefits because of the father’s disability. On these facts the Alabama court held that the purpose of the child support order had been accomplished and the father was entitled to credit against his liability under the divorce decree.
In Williams this court looked at Binns, as well as case law from other jurisdictions and determined that a parent’s social security payments made directly for the support of children should be credited against that parent’s child support obligations, absent a special agreement or provision to the contrary. As previously observed, Williams involved the initial establishment of child support, and not a claim by the father that social security disability benefits received after the child support order should be credited against what would otherwise be child support arrearages.
In the present case, the sparse record before us indicates that the minor child was already receiving social security disability benefits at the time of the divorce decree. The Alabama court nonetheless required $100 per month in child support payments, and specifically ordered such payments to be made through the clerk of the court. On the state of this record, it is not clear whether the Alabama trial judge who initially established child support in 1986 took into consideration the child’s receipt of social security benefits as a result of Mr. Linden’s disability. Therefore we remand this case for a determination by the trial court whether the Alabama trial judge took into consideration the social security benefits when establishing child support. People of Arkansas ex rel. Smith v. Smith, 398 So.2d 512 (Fla. 2d DCA 1981).
If Mr. Linden can establish that the Alabama trial judge did not consider the benefits, then he is entitled to receive a credit against the child support arrearages. However, if the benefits were considered by the Alabama trial judge and a separate payment required, Mr. Linden is not entitled to a credit.[2]
We do not reach the contention that the trial court’s order acts to deny full faith and credit to the Alabama divorce decree. Mr. Linden does not deny that the trial court was required to enforce a valid decree from the state of Alabama. The trial court never reached this issue, since it deemed that all payments due under the Alabama decree had in fact been made by Mr. Linden.
Reversed and remanded for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ„ concur.

. Florida’s version of URESA provides that the Act "is an appropriate statute under which to collect child support arrearages after the child is no longer dependent.” § 88.012, Fla.Stat. (1989).

. Stated another way, if the Alabama court did consider the child’s receipt of benefits, then the language in the Alabama decree requiring payment through the clerk is the type of "special provision” referred to in Williams.