606 So.2d 771 (1992)
Gary KIRWAN, Appellant,
v.
Linda F. KIRWAN, Appellee.
No. 92-320.
District Court of Appeal of Florida, Fifth District.
October 30, 1992.
Lou Ellen Combs, Seminole County Bar Ass'n Legal Aid Soc., Inc., Altamonte Springs, for appellant.
No appearance for appellee.
COBB, Judge.
The issue on appeal is whether social security benefits paid directly to a minor child in excess of the disabled father's child support obligation may be used to reduce the father's established child support arrearage.
Gary Kirwan (Father) and Linda Kirwan (Mother) were divorced in October, 1988. Ultimately, the court ordered the Father to pay $345.00 per month in child support. In February, 1991, the Mother filed a motion for contempt in which she alleged that the Father had failed to pay child support for the prior six months. In his response, the Father explained that he had a medical condition which prevented him from maintaining employment, that he had applied for social security disability benefits but had been deemed ineligible, and that he was appealing that decision. He requested that the court find him unable to pay the child support ordered and abate same due to his changed financial circumstances.[1]
*772 In September, 1990, the Father began receiving social security disability benefits for himself in the amount of $1058.00. He forwarded no portion of these benefits to the Mother as child support. Almost a full year later, he began receiving monthly benefit checks on behalf of the minor child who was residing with the Mother. As with his own benefits, the Father did not forward these funds to the Mother for child support. Although it is unclear as to how or why, the Mother now receives the minor child's social security check of $529.00 per month directly.
In its final order issued after the contempt hearing, the trial court found that the Father became totally disabled in November, 1989 and began receiving social security benefits in September, 1990. The court abated the Father's ongoing child support obligation from October 1, 1991, so long as the minor child received the monthly social security benefits. The court further found that the Father was in arrears $9,082.25 for the period from November, 1989 through September, 1991 and ordered him to pay the arrearage in monthly payments of $105.80 with interest accruing at 12% per year. The court refused to permit the amount by which the child's monthly social security benefit exceeded the Father's child support obligation[2] to be used to satisfy the child support arrearage, reasoning that this money belonged to the child, not the Father.
The Father appeals this decision, contending that social security benefits should be deemed as substitute income which belongs to him and that he should be permitted to use the amount by which these benefits exceed his ongoing child support obligation to pay off his arrearages. This "substitute income" view of social security benefits arises from out-of-state cases in which courts have viewed social security benefits as funds derived from contributions made via wage deductions throughout an employee's working life. Upon disability, these benefits operate as a substitute for the income lost as a result of the employee's inability to work. Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (Ala. Civ. App. 1976); Andler v. Andler, 217 Kan. 538, 538 P.2d 649 (1975).
Florida courts have not addressed the issue presented on appeal. As in many other states, Florida allows the application of social security benefits toward the satisfaction of simultaneously ongoing child support obligations. Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1990). Therefore, where "arrearages" accrue because the custodial parent is receiving social security benefits but no child support payments, Florida law permits a credit against these "arrearages" in the amount of the benefits previously paid. Williams does not apply to the case now before us because the minor child received no benefits during the time the Father failed to make support payments. The Father now seeks a ruling that future benefits can be used to satisfy past support obligations.
Some out-of-state jurisdictions faced with this issue have not allowed the application of excess benefits to reduce arrearages. See Newman v. Newman, 451 N.W.2d 843 (Iowa 1990); Mask v. Mask, 95 N.M. 229, 620 P.2d 883 (1980); McClaskey v. McClasky, 543 S.W.2d 832 (Mo. App. 1976). These courts reason that permitting support arrearages to be reduced in this fashion fails to recognize the importance of timely monthly support payments which are necessary to meet the current needs of the child. Rather than viewing the excess as substitute income belonging to the disabled individual, this money is seen as a windfall. "When the windfall comes, equitably it should inure not to the defaulting husband's benefit, but to his bereft children." McClaskey at 835.
In the case now before us, the Father failed to satisfy his child support obligation for nearly two years, during which time he neglected to provide funds for his minor child's daily needs. If indeed a windfall of $184.00 has come, it should *773 inure to the benefit of the child whose needs were not met for two years, rather than to her defaulting father who failed to satisfy his child support obligation.[3]
In so holding, we realize that the Father was disabled for the entire period during which the $9,082.25 arrearage accrued. While the result of our holding may appear harsh, we note that during this period, the Father never placed before the court a request for a modification of his child support payments. In May, 1990, he filed a pleading in which he requested an abatement of his support obligation but he never presented this request to the court. Subsequently, in a memorandum he filed with the court in January, 1992, the Father specifically stated that he did not dispute the arrearage. This statement superseded his prior request for an abatement. Had the Father properly moved for modification when he became disabled, he may have avoided accruing the arrearage now assessed against him. This case illustrates the importance of timely application to the court for reduction of support obligations due to a change of circumstances, especially when the change is as extreme as that experienced by the Father in this case.
AFFIRMED.
COWART and PETERSON, JJ., concur.
NOTES
[1] The Father's request for an abatement was never called up before the court.
[2] The child receives an extra $184.00 per month over her father's court ordered support obligation.
[3] In so holding, we do not ignore the possibility that a parent may be unemployed due to a disability and unable to meet his child support obligation because of a delay in receipt of social security benefits. In this event, the obligor should immediately request modification of the support obligation.