PETERSON, Chief Judge.
The Harbolts appeal an order requiring them to pay support to the Department of Health and Rehabilitative Services (HRS), for their two children who have been in foster care for several years. They contend that the trial court erred by failing to give credit for social security payments being received for the benefit of the children.
The Harbolts, and their two children, are disabled. The children, who have been declared dependent, have resided in foster homes for several years. The parents were ordered to pay support several years ago but have paid nothing. All monetary support for the children has been provided through social security payments in the amount of $446 per month for each child paid directly to HRS. The parents also receive social security payments and food stamps, but are able to obtain additional income performing sporadic labor. Their joint net income is $973 per month. This does not include their rent subsidy or Medicaid benefits.
HRS moved for a determination of child support and the trial court used the financial affidavits of the parents and the guidelines of section 61.30, Florida Statutes (1993) to determine that a total of $315 per month was to be paid for the two children. The financial affidavits of the parents did not include as income the social security payments received by HRS on behalf of the children and did not list as a liability unpaid support payments due since 1990. The sole argument made by the Harbolts is that they should not be ordered to pay the $315 per month because they should be given credit for the $892 per month being paid by social security. They argue that the social security payments are being made to HRS because of the parents’ disabilities. HRS argues that the children are independently receiving benefits because the children are disabled.
The Harbolts cite Kirwan v. Kirwan, 606 So.2d 771 (Fla. 5th DCA 1992); State, Department of Health & Rehabilitative Services v. Linden, 584 So.2d 207 (Fla. 1st DCA 1991); and Williams v. Williams, 560 So.2d 308 (Fla. 1st DCA 1990). We find these cases to be inapplicable because none of them involved or discussed the issue of social security payments being made to disabled children. These opinions clearly indicate that payments were being made because a parent was disabled. One of these cases describes the rationale for a support obligation credit:
The Father appeals this decision, contending that social security benefits should be deemed as substitute income which belongs to him and that he should be permitted to use the amount by which these benefits exceed his ongoing child support obligation to pay off his arrearages. This “substitute income” view of social security benefits arises from out-of-state cases in which courts have viewed social security benefits as funds derived from contributions made via wage deductions throughout an employee’s working life. Upon disability, these benefits operate as a substitute *389 for the income lost as a result of the employee’s inability to work.
Kinoan, 606 So.2d at 772.
The briefs would have been more meaningful had they included citation to the appropriate portions of the United States Code dealing with the manner in which disabled persons are eligible for benefits. They did not, and, since we believe the burden to affirmatively allege and prove entitlement to credit is upon the Harbolts, we affirm. The Har-bolts have had three opportunities to support their entitlement to the credit with citations to the federal statutes: once at the hearing; once by post-trial memorandum at the invitation of the trial judge; and once here.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.