**Tamara Lee COULON, Plaintiff and Appellant,**

v.

**Mark Fletcher COULON, Defendant and Appellee.**

**No. 950358–CA.**

Court of Appeals of Utah.

April 18, 1996.

---

Randy S. Ludlow, Salt Lake City, for Appellant.

James C. Haskins, Murray, for Appellee.

Before ORME, BENCH and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Ms. Coulon appeals the trial court's order enforcing provisions of the parties' divorce decree. We reverse and remand.

The parties were divorced in 1983. Ms. Coulon was awarded custody of the parties' two minor children as well as use and possession of the marital home. Mr. Coulon was ordered to pay $400 per month in child support. After five years, the home was either to be sold and the equity equally divided or, alternatively, Ms. Coulon could buy-out Mr. Coulon's half of the equity.

In a modification proceeding in March 1985, Mr. Coulon's lien on the marital home was reduced to $3800 after being offset against his child support arrearages existing at that time. Also, Mr. Coulon's ongoing child support obligation was reduced to $300 per month. Mr. Coulon subsequently became disabled and, in November of 1987, Ms. Coulon began receiving Social Security benefits (SSI) in excess of $300 per month on behalf of the parties' two minor children.

In June 1994, Mr. Coulon brought an order to show cause to collect his $3800 lien on the marital home. Ms. Coulon responded through her own order to show cause to collect unpaid child support. The trial court determined Mr. Coulon's child support arrearages totaled $33,600.[1] The trial court also found the SSI payments for the minor

---

1. This included $4800 from March 1985 through June 1986, which is beyond the statute of limitations as it accrued more than eight years prior to this enforcement action; $4800 for the period of July 1986 through October 1987; and $24,000 from November 1987, when the children began receiving SSI payments, to the time this action was filed.

children totaled $32,612. The trial court allowed Mr. Coulon's child support arrearages to be offset against the total SSI payments. This calculation reduced Mr. Coulon's arrearages to $988. The trial court then offset this amount against Mr. Coulon's $3800 lien, resulting in a net judgment against Ms. Coulon of $2812.

Ms. Coulon appeals the trial court's decision allowing Mr. Coulon credit for SSI payments toward his past and ongoing child support obligation, and also the trial court's calculations offsetting the respective claims.

## CREDIT FOR SSI PAYMENTS

 Ms. Coulon argues that the SSI payments made to the parties' minor children should not have been credited toward Mr. Coulon's child support obligation. We conclude that Utah law allows such payments to be credited toward an obligor's ongoing child support obligation. Utah Code Ann. § 78–45–7.5(8)(b) (1995). However, we also conclude that amounts paid by SSI, which exceeded the court-ordered child support for the same period, may not be credited toward previously accrued child support arrearages.

Section 78–45–7.5(8)(b) provides: "Social Security benefits received by a child due to the earnings of a parent may be credited as child support to the parent upon whose earning record it is based, by crediting the amount against the potential obligation of that parent." *See also Brooks v. Brooks,* 881 P.2d 955, 961 (Utah App.1994) (holding courts have discretion to credit social security payments to obligor's ongoing child support). Thus, the trial court was correct in crediting the SSI payments to Mr. Coulon's ongoing child support obligation beginning November 1987, when the children began receiving SSI.

The question remains, however, as to who is entitled to the difference between the $300 monthly support order and the monthly SSI payment in excess of that amount. Mr. Coulon claims he is entitled to the excess as a credit toward his previously accrued arrearages. We disagree.

In *Brooks,* this court suggested that SSI payments should not be credited against accrued child support arrearages. *Id.* at 961. Many jurisdictions have so held. *See Mask v. Mask,* 95 N.M. 229, 620 P.2d 883, 885–86 (1980); *In re Marriage of Robinson,* 651 P.2d 454, 455–56 (Colo.Ct.App.1982); *Kirwan v. Kirwan,* 606 So.2d 771, 772–73 (Fla.Dist. Ct.App.1992); *McClaskey v. McClaskey,* 543 S.W.2d 832, 834–35 (Mo.Ct.App.1976). These jurisdictions refuse to permit the obligor to accumulate child support arrearages in anticipation of future government benefits, while leaving unmet the children's current and ongoing needs for food, clothing, and lodging. *Mask,* 620 P.2d at 886; *McClaskey,* 543 S.W.2d at 835. Child support is meant to provide for current support, and an expectation of future payment does not meet the immediate needs of the obligor's children. *Mask,* 620 P.2d at 886; *Kirwan,* 606 So.2d at 772–73; *McClaskey,* 543 S.W.2d at 835. With this policy in mind, any windfall from the government payments must go to the children for whom the payments are intended, rather than to the defaulting parent. *Mask,* 620 P.2d at 886; *Robinson,* 651 P.2d at 454; *Kirwan,* 606 So.2d at 772–73; *McClaskey,* 543 S.W.2d at 835. *But see Griffin v. Avery,* 120 N.H. 783, 424 A.2d 175, 177 (1980) (allowing social security payments that exceeded child support order credited toward accrued arrearages).

We interpret our statutes consistent with sound public policy. *Rowley v. Public Serv. Comm'n,* 112 Utah 116, 121, 185 P.2d 514, 519 (1947). Accordingly, we agree with the policy arguments mentioned and refuse to allow the portion of the SSI payments in excess of the child support obligation to be credited towards the obligor's arrearages. To hold otherwise would allow the obligor to avoid the responsibility of providing for the current needs of the minor children.

Moreover, the child support arrearages are judgments for which Mr. Coulon is solely responsible. Child support payments become judgments on the date they are due. Utah Code Ann. § 30–3–10.6 (1995). The judgments against Mr. Coulon accrued before his children ever began receiving SSI. Therefore, the SSI payments cannot relieve Mr. Coulon of the judgments which accrued before the time SSI payments began.

### OFFSETTING CLAIMS

■ Ms. Coulon claims the trial court miscalculated the judgment against her by incorrectly offsetting the total SSI payments against Mr. Coulon's child support arrearages. We agree.

The statute of limitations for child support is eight years. Utah Code Ann. § 78–12–22 (Supp.1995). However, Ms. Coulon is entitled to utilize back child support that would normally have been barred by this eight-year statute of limitations as an offset against Mr. Coulon's lien. *See Jacobsen v. Bunker,* 699 P.2d 1208, 1210 (Utah 1985).

In *Jacobsen,* two sisters had executed promissory notes to their father. Years later, after the father died, the balances due on both notes were distributed equally to the father's three heirs (Jacobsen, Bunker, and their brother). Jacobsen brought suit against Bunker to collect her one-third share of Bunker's unpaid note, and Bunker counterclaimed for one-third of Jacobsen's unpaid note. *Id.* at 1209. Bunker's counterclaim against Jacobsen was beyond the statute of limitations. *Id.* at 1209–10. Nevertheless, the trial court offset the amounts owed each party and awarded Bunker, the counterclaimant, a net judgment of $246.49. *Id.* at 1209. On appeal, the Utah Supreme Court held it was proper to use Bunker's time-barred counterclaim to offset the amount she owed Jacobsen, but only to the extent they were equal. *Id.* at 1210. Thus, the time-barred claim was not allowed to afford any affirmative relief, and the $246.49 judgment against Jacobsen, based on Bunker's time-barred claim, was reversed. *Id.*

■ A defendant may therefore utilize a counterclaim, normally barred by the statute of limitations, to offset a plaintiff's claim, but only to the extent the claims equal each other. *Jacobsen,* 699 P.2d at 1210; *Stewart Livestock Co. v. Ostler,* 105 Utah 529, 547, 144 P.2d 276, 284 (1943); *Salt Lake City v. Telluride Power Co.,* 82 Utah 607, 617–20, 17 P.2d 281, 285–86 (1932); *Cox v. Dixie Power Co.,* 81 Utah 94, 109, 16 P.2d 916, 922 (1932).

Further, the claims may be offset only if they coexisted. *Telluride,* 17 P.2d at 286.

In the case at bar, Mr. Coulon's lien coexisted with Ms. Coulon's counterclaim for unpaid child support. Ms. Coulon's counterclaim consists of $4800 beyond the statute of limitations and $4800 within the statute of limitations. The narrow question presented is whether Ms. Coulon may apply her time-barred claim as an offset to Mr. Coulon's lien and then affirmatively assert her claim for past due support that accrued within the statute of limitations.

*Jones v. Jones,* 22 Ark.App. 179, 737 S.W.2d 654 (1987) (en banc), is factually similar to the instant case. In *Jones,* the plaintiff husband sued to collect his equity in the marital home and the defendant wife counterclaimed for past due child support and alimony that had accrued during the previous twenty years. *Id.,* 737 S.W.2d at 655. The trial court in *Jones* allowed the defendant to use only the child support accrued during the immediately preceding five years to counter plaintiff's claim because the amounts accrued before that time were outside the statute of limitations. *Id.* The Arkansas Court of Appeals reversed the part of the trial court's ruling that disallowed the defendant from offsetting her time-barred claim against the plaintiff, stating that the amount accrued beyond the statute of limitations should have been allowed as a defensive offset to the extent of plaintiff's claim. *Id.* at 656. Thus, the Arkansas court allowed the defendant to use the time-barred claim as a defensive offset. *Id.* The portion of the defendant's claim that was within the statute of limitations could then be affirmatively asserted, even if it exceeded the plaintiff's claim. *See id.*[2]

This result is consistent with the policy prohibiting a plaintiff from delaying an action until after a defendant's counterclaim is barred by the statute of limitations. *See North Am. Land Corp. v. Boutte,* 604 S.W.2d 245, 247 (Tex.Ct.App.1980).

**2.** In Utah, a counterclaim asserted within the statute of limitations can exceed the amount of the plaintiff's claim. Utah R.Civ.P. 13(c).

Therefore, we conclude that Ms. Coulon's $4800 claim that accrued outside the statute of limitations may be used to offset Mr. Coulon's $3800 lien.[3] Thereafter, Ms. Coulon may affirmatively assert her other $4800 claim, which accrued within the eight-year statute of limitations.

## CONCLUSION

The SSI payments made to the minor children may be used to satisfy Mr. Coulon's ongoing child support obligation, but the amount exceeding the ongoing obligation will not be applied to Mr. Coulon's preexisting child support arrearages. Ms. Coulon may offset Mr. Coulon's $3800 lien with her $4800 claim that accrued beyond the statute of limitations, but only to the extent the claims equal each other. Thereafter, Ms. Coulon may collect $4800 from Mr. Coulon for the child support arrearages that accrued within the statute of limitations and predated the receipt of SSI benefits.

We reverse and remand the case to the trial court for entry of a judgment consistent with this opinion.

ORME, P.J., and GREENWOOD, J., concur.

---

3. The $1000 excess is not recoverable because the time-barred claim may not be used for affir-mative relief. *Jacobsen v. Bunker,* 699 P.2d 1208, 1210 (Utah 1985).