733 So.2d 585 (1999)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Alaine S. SPRAGUE, Appellant,
v.
Ronald W. SPRAGUE, Appellee.
No. 98-03129.
District Court of Appeal of Florida, Second District.
June 2, 1999.
*586 Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellant.
William H. Meeks, Jr., Bradenton, for Appellee.
PARKER, Chief Judge.
The State of Florida, Department of Revenue (Department), on behalf of Alaine S. Sprague (mother), appeals the final order of the trial court on arrearages owed by Ronald W. Sprague (father). We reverse.
The 1984 final dissolution of marriage between the Spragues contains a marital settlement agreement requiring the father to pay $50 per week child support for their one minor child until the child reaches the age of twenty-two. In 1990, the trial court entered an order which established an arrearage of $5,728.39, owed by the father. Three contempt hearings followed between 1991 and 1996, each establishing a new amount of arrearages.
During a 1998 hearing, the printout from the clerk of court provided an arrearage balance of $21,751.10. At the hearing, a letter and printout from the Social Security Administration reflected that the father took early retirement in 1994. It further showed that because of the father's retirement, the child had received, since 1994, direct monthly social security payments varying between $388 to $430, for a total of $19,488. These payments will stop when the child reaches the age of eighteen. At the hearing, the father argued that the excess amount paid by Social Security above the required child support amount should be credited to all arrearages, which would result in a credit toward the father's arrearages of $19,058. The Department argued that the excess social security payments can only reduce the arrearages from 1994 forward, the year in which the payments started. This would result in a credit toward the father's child support arrearages of $10,183.49. The trial court adopted the father's position and entered an order establishing the father's arrearages at $2263.
The case closest to these facts is Kirwan v. Kirwan, 606 So.2d 771 (Fla. 5th DCA 1992). In Kirwan, the parties were divorced in 1988, and the father was ordered to pay $345 per month in child support. See id. In February 1991, the mother filed for contempt and alleged that the father had failed to pay support for the previous six months. See id. The father responded by stating that he had become disabled and requested that the child support obligation be abated, never informing the mother or the trial court that in September 1990, he had begun to receive social security benefits of $1058 per month, none of which was forwarded to the child. See id. at 771-72. About a year later, the father began receiving benefits for the minor child as well, but again, did not forward them to the mother. At the time of the contempt hearing, the mother was receiving $529 per month directly from Social Security. See id. at 772.
The trial court in Kirwan found the father in arrears $9,082.25 for the period from November 1989 to September 1991. See id. The court refused to allow the excess between the $529 received from Social Security and the $345 court-ordered child support amount to be applied toward the arrearages. Instead, the court determined that all of the money paid by Social Security belonged to the child and that even if there was a windfall, it should inure to the benefit of the child and not the father. See id. at 772-73.
In Kirwan, the trial court expressly rejected the father's argument that the social security payments constituted "substitute income" which the father could use as he pleased. See id. at 772. The trial court found that such payments which the father *587 received on behalf of the minor child belonged to the child, not the father, and because the father failed to make support payments during the time the arrearages accrued, the child was entitled to the windfall. See id. at 772-73. Although the district court recognized that this could be a harsh result because the father was disabled during the entire time the arrearages accrued, it affirmed the trial court's order. See id. at 773.
In Kirwan, the issue was whether social security benefits paid directly to a minor child in excess of the disabled father's support obligation may be used to reduce the father's established child support arrearage. See id. at 771. The issue in this case is whether social security benefits paid directly to the child, because of the child's entitlement from the father's early retirement, may be used to reduce all of the father's established child support arrearages. We conclude that it cannot.
Under the United States Code, a minor child is entitled to a benefit if the child's mother or father retires. See 42 U.S.C. § 402(d) (1998). This benefit is separate from the parents' retirement benefit and ends when the child turns eighteen. It is important to note that the minor child was entitled to the same social security benefit if the parents had remained married and the father chose to take early retirement. The father argues that he should receive credit toward the arrearages because the social security benefits act as substitute income. This is not a novel theory and the courts have addressed the issue of when to consider social security benefits when calculating the amount of child support under the guidelines. See State, Dep't of Health & Rehabilitative Servs. v. Linden, 584 So.2d 207, 209 (Fla. 1st DCA 1991) (father entitled to credit against child support arrearages for social security benefits received by child at time of divorce as result of father's disability, only if trial judge who initially established child support did not take those benefits into consideration); Williams v. Williams, 560 So.2d 308, 310 (Fla. 1st DCA 1990) (trial court erred by not including husband's social security benefits as part of income for child support at time of dissolution). However, these cases allowed the social security benefits to be added to the parents' income only at the initial determination or on modification. Kirwan did not allow the benefits to be used as a credit to arrearages when the parent failed to ask for modification and just stopped paying, reasoning that if there is a windfall then the child should be the beneficiary of the windfall to make up for all the time that the child went without support. See Kirwan, 606 So.2d at 772. As Kirwan noted, after researching other case law from states that have not allowed these benefits to be used to reduce arrearages, "permitting support arrearages to be reduced in this fashion fails to recognize the importance of timely monthly support payments which are necessary to meet the current needs of the child." Id.
The common facts in Kirwan and this case are that the fathers unilaterally stopped paying child support, for years the arrearages accumulated, and then when the child started receiving social security benefits in excess of the court-ordered child support, the fathers argued for credit on the theory of substitute income. We adopt Kirwan and conclude that these benefits do not inure to the defaulting father for the arrearages established before the child's social security benefits started.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.