**STATE of Louisiana**

v.

**Brandon COBB**

**NUMBER 2016 KA 0065**

Court of Appeal of Louisiana,
First Circuit.

October 31, 2016

Samuel C. D'Aquilla, District Attorney, St. Francisville, LA, Counsel for Appellee State of Louisiana

Jane L. Beebe, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant Brandon Cobb

BEFORE: WHIPPLE, C.J., GUIDRY, AND MCCLENDON, JJ.

GUIDRY, J.

|₂Defendant, Brandon Cobb, was charged by bill of information with second offense domestic abuse battery, a violation of La. R.S. 14:35.3(D) (prior to amendment by 2014 La. Acts, No. 194, § 1). Defendant initially pled not guilty, but he later withdrew that plea and entered a plea of nolo contendere. The trial court sentenced defendant to six months in the parish jail.[1]

The penalty provision in effect at the time of the charged offense provided for a fine of not less than seven hundred fifty dollars nor more than one thousand dollars, and a term of imprisonment for not less than sixty days nor more than six months. See La. R.S. 14:35.3(D) (prior to amendment by 2014 La. Acts, No. 194, § 1).[2] The penalty provision has since been amended, and it currently provides for imprisonment *with or without hard labor* for not less than sixty days nor more than *one year*. See La. R.S. 14:35.3(D) (following amendment by 2014 La. Acts, No. 194, § 1). Thus, while the charged

offense is a felony under current law, it was a misdemeanor at the time defendant committed the offense. See La. R.S. 14:2(A)(4) & (6); La. C. Cr. P. art. 933(3) & (4).

The defense brief contains no assignments of error and sets forth that it is filed to conform with State v. Jyles, 96–2669 (La. 12/12/97), 704 So.2d 241 (per curiam), and Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), in which the United States Supreme Court discussed how appellate counsel should proceed when, upon conscientious review of a case, counsel finds an appeal would be wholly frivolous.

■■■ |₃In the case of misdemeanors, the question of appellate jurisdiction is determined by the penalty. Because the instant offense was punishable by a maximum of six months in prison, defendant was not entitled to a jury trial, and his conviction is not appealable to this Court. See La. Const. art. I, § 17(A); La. Const. art. V, § 10(A); La. C. Cr. P. arts. 779(B) & 782(A); see also State v. Drury, 506 So.2d 772, 773 ( La. App. 1st Cir. 1987). While exceptions have been made, generally, this Court has a long-standing policy of not converting an appeal to an application for a writ of review. See State v. Clause, 486 So.2d 1206, 1208 ( La. App. 1st Cir. 1986). Therefore, defendant's appeal is dismissed.

Defendant may file an application for a writ of review on or before November 30, 2016, without the necessity of obtaining a

---

1. Defendant filed a *pro se* motion to reconsider sentence prior to his sentencing, which the trial court denied on the day it was filed. Prior to accepting his plea, the trial court had advised the defendant of his sentencing exposure for the stated crime and confirmed the defendant's knowledge that a plea agreement had been reached under the terms that he would be sentenced to serve six months in parish jail to run concurrent with his sentence under docket number 13–268, for the offense of domestic abuse battery, second offense. The defendant affirmatively acknowledged that he understood the information of which the trial court advised him.

2. Additionally, at least fourteen days of the sentence was required to be served without benefit of parole, probation, or suspension of sentence.

return date order from the district court. A copy of this ruling must be included in any such application as a substitute for the return date order otherwise required by Rule 4–3, Uniform Rules—Courts of Appeal.

**APPEAL DISMISSED.**