Evelyn Louise McCLASKEY, Appellant,

v.

Leamon Lee McCLASKEY, Respondent.

No. 37601.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 16, 1976.

Roesel & Scher, Jess W. Ullom, Isadore Scher, Clayton, for appellant.

Champ C. Stonebraker, St. Louis, for respondent.

CLEMENS, Judge.

■ This appeal presents a novel issue in Missouri: Where a husband has been ordered to make child-support payments to the divorced wife, is he entitled to credit for social security payments made to her thereafter for the children's benefit? We hold the father is entitled to credit against support payments falling due after social security payments have begun, but is not necessarily entitled to a carry-back credit against support payments that were delinquent when the social security payments began.

Three years after the parties were divorced the present garnishment proceeding was filed by plaintiff Evelyn Louise McClaskey (hereafter referred to as wife) against her former husband, defendant Leamon Lee McClaskey (hereafter referred to as husband). By this, she sought to collect unpaid child-support allowances by execution against the proceeds of several life insurance policies payable to her former husband. In support of her request for execution, the wife alleged the parties were divorced in November 1971 and that her award for child support remained unpaid. The husband countered by moving to quash the execution on the ground the amount claimed by the wife for past due child support was excessive in that she had failed to give him credit for payments he had made to her both directly and by social security payments made to her for their children's benefit.

At the garnishment hearing it was shown that the parties had been divorced in November 1971 and the husband was ordered to pay the wife $50 a week for support of three minor children. From that time to June 1972 the husband had directly paid the wife only $675 and was $2,358 delinquent in the child-support allowances.

Shortly after the divorce the husband had retired at age 65. As of December 1971 he and his three children became eligible for social security retirement benefits. A year later, the wife received a letter from the Social Security Administration informing her that her children were entitled to benefits. She then applied for the benefits and in February 1973 received a $2,742.40 social

security check payable to her "for the children of Leamon L. McClaskey." This check apparently represented the benefits accumulated from December 1971 through January 1973. As said, the husband was then $2,358 delinquent in child-support payments. Thereafter, the wife received monthly social security checks of $219.60, later increased to $263.10. These monthly payments exceeded the $50 a week child-support installments thereafter due her from the father.

The trial court sustained the husband's motion on this evidence, thereby quashing the execution. The ruling was based on a finding the social security payments received by the wife for the minor children exceeded the amounts due her under the original decree and that the husband was entitled to credit for all social security payments received by the wife. She has appealed from that order.

■ The issue of such credits is novel to Missouri but other jurisdictions have credited social security benefits against support orders where, as here, there were no contrary provisions in the support decree.[1] Missouri's general rule is that a father may not have credit against a child-support judgment other than by his direct payment to the wife. But Missouri courts recognize exceptions under appropriate circumstances and hold that credit should be given to the husband when dictated by equitable considerations. *Meyer v. Meyer*, 493 S.W.2d 42[1] (Mo.App.1973); *Webb v. Webb*, 475 S.W.2d 134[3] (Mo.App.1971). The rationale of the general rule is that because the wife has been awarded custody of the children and a judgment rendered in her favor for their support it is her privilege and responsibility to determine the manner of spending the funds payable under the judgment. The husband has no absolute right to alter the terms of the decree and dictate the method

of furnishing support. *Stemme v. Stemme*, 351 S.W.2d 823[2] (Mo.App.1961).

■ But social security payments differ from non-complying payments made by a father. The wife receives the social security as custodian for the minor children beneficiaries. It is she, not the husband, who determines how the money is to be spent. The only limitation imposed on her use of social security payments is that she use them for the children's benefit. This same limitation is imposed on the use of court-ordered child-support payments. The use of social security payments to satisfy a child-support obligation is merely a change in the manner of payment; the nature of the funds is the same. As succinctly stated in *Binns v. Maddox*, 327 So.2d 726 (Ala.Ct. App.1976): "An order of support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree." We have considered other supporting cases.

■ Payments prescribed by the Social Security Act are not gratuities or matters of grace; they are not public assistance or welfare payments. *Anderson v. Powell*, 235 Ga. 738, 221 S.E.2d 565 (1975). Social security benefits are from funds earned in part by the individual who throughout his working life has contributed to the benefits by deductions from his wages. There is no special limitation imposed on the use of the funds by the wife. *Thompson v. Thompson*, 254 Ark. 581, 496 S.W.2d 425 (1973). However, the amount by which the monthly social security benefits exceed the amount required under the support decree are considered gratuitous. *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649[3] (1975), and cannot

---

1. *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); *Andler v. Andler*, 217 Kan. 539, 538 P.2d 649 (1975); *Cohen v. Murphy*, 330 N.E.2d 473 (Mass.1975); *Binns v. Maddox*, 327 So.2d 726 (Ala.App.1976). *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968) contempt complete before benefits began. But see *Cohen v. Cohen*, 246 So.2d 581 (Fla.App.1971) social security death benefits not credited against voluntary property settlement.

be credited as advanced payments for future child support.

In our case, monthly social security benefits commenced in February of 1973. They had continued until trial time and have exceeded the periodic amounts accruing thereafter under the original decree. These monthly payments constituted complete satisfaction of the husband's child-support obligations as they thereafter fell due and we hold the trial court properly credited those payments against the amounts claimed by the wife for current child-support payments. The order of the trial court insofar as it grants credit for the monthly social security payments against the support obligation commencing in February 1973 is affirmed.

But a different problem is presented by the $2,742 lump-sum social security check received by the wife in February of 1973. This represented the accumulated but until-then unpaid social security benefits due for the children for the period of December, 1971 to January, 1973. Throughout this time, the wife received no social security payments and the husband had by then paid her only $675 in sporadic installments and was $2,358 in arrears.

The wife contends the trial court erred in giving the father credit for the February, 1973 lump-sum payment against the arrearages that had accumulated before the monthly payments began.

From the time of the divorce in November, 1971 the mother was entitled to receive $50 a week from the father for the children's support. The father did not comply. He made sporadic, insufficient payments until May of 1972 and paid nothing directly thereafter. Until the monthly social security payments began in February of 1973 the father had paid only a third of his child-support obligation and thereby shifted two-thirds of his child-support obligation to the wife.

During this time—from the divorce until the monthly benefits began—the wife was entitled prima facie to look to the husband for full and prompt payment of his obligation. This, because a child's need for food, clothing, lodging and other necessary expenses is current—today, this week, this month—and the expectation of a future payment does not meet these needs. To allow the lump-sum payment to be credited against the father's delinquencies, as he urges us to do, could permit him to deliberately create those delinquencies, thereby depriving his children of support, all in the hope that some accrued benefit would cancel his growing default. When the windfall comes, equitably it should inure not to the defaulting husband's benefit, but to his bereft children.

This conclusion, as to no credit for the lump-sum payment, is based on two factors—implied but not firmly developed by the record. Either factor could determine whether or not the husband is in equity entitled to credit for the lump-sum payments. First, interrogatories imply but do not confirm an agreement by the wife to accept future social security benefits in lieu of child-support payments. Second, the record does not explain the year-long delay in the wife's receiving the lump-sum payment; the husband's—or the wife's—participation in permitting this delay could affect the parties' equities on the issue of allowing the husband credit for the lump-sum payment against his unpaid judgment. These factors and any others deemed pertinent to the lump-sum credit should be developed by the trial court on remand.

The trial court's order, to the extent it allowed credit for the $2,742.40 lump-sum payment of February 1973, is reversed and the cause remanded for proceedings consistent with this opinion.

WEIER, P. J., and DOWD, J., concur.