620 P.2d 883

**Phyllis T. MASK, Individually and Phyllis T. Mask, as next friend of Amy Marie Michelle Mask, Plaintiff–Appellant,**

v.

**James Leland MASK, Defendant–Appellee.**

**No. 12970.**

Supreme Court of New Mexico.

Dec. 9, 1980.

Martin, Martin, Lutz & Cresswell, James T. Martin, Jr., Las Cruces, for plaintiff–appellant.

Dan B. Buzzard, Clovis, for defendant–appellee.

## OPINION

PAYNE, Justice.

Plaintiff petitioned to recover arrearages in child support payments. The trial court awarded judgment to plaintiff but allowed offsets to defendant for social security benefits the child received. Plaintiff appealed. We affirm in part and reverse in part.

The plaintiff and defendant were divorced in 1965. There was one child born of the marriage. Plaintiff alleged and the court found that defendant was in default in his support payments for the period January 1, 1966 to September 1976. This finding of the court that the defendant had failed to make child support payments was not appealed and has become final. The defendant claimed as an offset the amount of the monthly checks ($228.30) the child received from the Social Security Administration be-

ginning in October of 1978. These checks resulted from the defendant's contributions to the social security fund and his retirement.

The court allowed the offset against the total arrearages in an amount equal to the excess of the monthly social security payment over the monthly child support obligation. The court further allowed an offset for the entire amount of the social security payment received by the child after her eighteenth birthday.

Three issues are raised on appeal. They are: (1) whether the fact that a child receives income from a collateral source excuses a parent from compliance with the support provisions of the divorce decree; (2) whether the excess of the social security payments over the monthly support obligations can be used as an offset against the arrearages that accrued prior to the commencement of the social security benefits; and (3) whether the court erred in allowing the defendant to purge the contempt by simply paying the attorney's fees assessed against him and not the child support arrearages.

### I.

■ Plaintiff argues that allowing the defendant credit toward his support obligation for the social security payments is a modification of a vested and accrued obligation. Generally a court cannot retroactively modify a support order that has accrued and become vested. *Gomez v. Gomez*, 92 N.M. 310, 587 P.2d 963 (1978). However, here the case arises in the context of a contempt proceeding and so equitable principles are applicable. *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976). Also, in a proceeding for the enforcement of a support order, any valid defense against payment may be raised, *Headley v. Headley*, 277 Ala. 464, 172 So.2d 29 (1964), including the defense of payment from some other source, *Binns v. Maddox*, 57 Ala.App. 230, 327 So.2d 726 (1976).

■ We affirm the trial court in holding that the defendant may receive a credit against his support obligation, but only up to the amount of that obligation ($50.00), for each month after the child began receiving the benefits. It would be inequitable to rule otherwise, as stated in *Andler v. Andler*, 217 Kan. 539, 538 P.2d 649, 654 (1975):

> [W]here a father who has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree. The father is entitled to credit, however, only up to the extent of his obligation for monthly payments of child support, but not exceeding it.

The Missouri Court of Appeals has held similarly in *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.App.1976), and allowed credit against support payments falling due after the social security payments had begun, even though the general rule in Missouri is that a father cannot have credits against child support judgments except by his direct payment to the wife. The Missouri court recognized exceptions under appropriate circumstances and held that credit could be given to the husband when dictated by equitable considerations. Here we find such equitable considerations and allow the credit to be given.

### II.

■ While affirming the trial court's allowance of credits while the social security payments were received, we reverse as to the allowance of credit for months prior to the receipt of the social security benefits. As stated in *McClaskey, supra*:

> We hold the father is entitled to credit against support payments falling due after social security payments have begun, but is not necessarily entitled to a carry-back credit against support payments that were delinquent when the social security payments began.

. . . .

. . . [T]he amount by which the monthly social security benefits exceed the amount required under the support decree are considered gratuitous. (Citation omitted.)

543 S.W.2d at 833–34. To grant such a "carry–back" credit would be violative of both federal law and the principles of equity.

Federal regulations prohibit the custodial parent from recovering support arrearages out of social security payments. This should apply equally to the noncustodial parent who seeks to satisfy his support obligation by way of social security payments made directly from the social security administration to the child. These funds are the child's and not the noncustodial parent's, and cannot be used to meet his obligations, as stated in *Fuller v. Fuller*, 49 Ohio App.2d 223, 360 N.E.2d 357, 358 (1976):

> The Social Security Act, Title 42, U.S. Code, Section 401 et seq., provides that every dependent child of an individual who is entitled to Social Security benefits shall be entitled to a child's insurance benefit. . . . We determine from this that the benefit inures directly to the child, notwithstanding the prerequisite status of the parent. No indices of the father's ownership ever attached to these funds. Thus, the court is, in effect, ordering the children to pay the accrued arrearages for their own support.

To grant such "carry–back" credits violates the principles of equity. If we were to allow such credits, the defendant would receive a windfall, since the delinquent support payments would be made with the funds of the social security administration and not with his own. If we disallow the credits, the daughter will receive the benefit of the extra payments since she will receive not only the support arrearages but also the monthly social security checks. As between the two parties, we feel, as did the Missouri court in *McClaskey, supra*, 543 S.W.2d at 835, that "[w]hen the windfall comes, equitably it should inure not to the defaulting husband's benefit, but to his bereft children."

The second reason equity requires that the credits not be allowed is that the child's need is current, and must be met monthly, not sometime in the future. Again, as stated in *McClaskey*, "a child's needs for food, clothing, lodging and other necessary expenses is current–today, this week, this month–and the expectation of a future payment does not meet these needs." *Id.* at 835. To allow such credits would be to encourage fathers to put off making their support payments in the hope that some future collateral source would satisfy their arrearages.

### III.

The trial court did not err in allowing the defendant to purge the contempt by paying only the attorney's fees and not satisfying the arrearages. The contempt power should be used sparingly and the trial court has broad discretion in its imposition. *See Corliss v. Corliss, supra*. Here the court did not abuse its discretion. Should the defendant fail to pay the arrearages, after purging the contempt, he would still be subject to the other judgment enforcement devices available to the plaintiff. This is sufficient to insure the defendant's good faith compliance with the orders of the court.

For the foregoing reasons, we affirm in part and reverse in part the decision of the trial court.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.