682 P.2d 201

**Melba A. ROMERO, Petitioner-Appellee,**

v.

**Johnny ROMERO,
Respondent-Appellant.**

**No. 7422.**

Court of Appeals of New Mexico.

May 8, 1984.

James E. Thomson, Santa Fe, for respondent-appellant.

Ann Farris, Jeffrey M. Libit, Albuquerque, for petitioner-appellee.

**OPINION**

HENDLEY, Judge.

Melba and Johnny Romero, petitioner and respondent respectively, were divorced in December 1975. The mother was given custody of their son and unborn child and the father was ordered to pay child support of $75 a month to increase to $150 a month upon the birth of the second child. The father has been 100% disabled since August 1978. This appeal arises out of the mother's September 1982 motion to modify child support, which was $150 a month. At the time of the hearing on this motion, the father's income was from social security and workmen's compensation. The trial court found that the father was $5,450 in arrears and that his support payments for the two children should be increased from $150 to $525 a month. The father appeals raising the following issues:

1) Did the trial court err in determining the amount of arrearages because:

a) the court did not credit the father for a lump sum payment that the children received as a result of the Social Security Administration's determination that the father was disabled?

b) the court did not properly credit the father for the period in which the mother received welfare and the father made support payments to the New Mexico Department of Human Services (DHS)?

c) the mother's June 1980 petition alleged arrearages for only three months?

2) Did the trial court err in calculating the father's current support obligation because it considered the father's monthly disability payments from social security as income but gave no reduction for the amount the children received monthly from social security?

Unchallenged findings of fact establish the following history of the father's support payments and the mother's receipt of the children's social security benefits based on the father's disability.

| | | | Credits |
|---|---|---|---|
| 12/75–12/82 | Total child support accrued | $12,450 | |
| 12/75–9/77 | Father does not make support payments | | —— |
| 9/77–11/78 | Father makes payments to DHS totaling $1,500 | | $1,500 |
| 12/78–12/79 | Father makes payments to mother totaling $1,300 | | $1,300 |
| 4/80 | Lump sum social security payment of $6,000 to children | | —— |
| 4/80–8/82 | Monthly social security payments to children ranging from $318 to $440 a month | | $4,200 |
| 8/82 | Social security payments to children cease because of overpayment | | |
| | ARREARAGES | | $5,450 |

Findings of fact 10 and 11 describe the trial court's calculation of arrearages, also reflected in the right-hand column of the table above.

10. The total support accrued from December 1975 through December of 1982 is $12,450.00.

11. After giving credits for amounts paid, totaling $2,800 and a set-off of $4,200 for the Social Security payments received by Petitioner, Johnny Romero owes Melba Romero $5,450 in child support arrears.

### 1) Arrearages

### a) Lump sum.

There are no findings or conclusions as to what the lump sum covered. A letter from the Social Security Administration, included in the record, indicates that the lump sum "represented all benefits due [because of the father's disability] through February 1981." However, number of months covered is a factual determination which the trial court should make on remand when it calculates the father's credit from the lump sum in a manner consistent with this opinion.

The trial court concluded as a matter of law that "[n]o credit shall be given for the lump-sum paid by Social Security except that it may satisfy the Respondent's obligation for the month in which it was received." The trial court was in error. The father should receive credit in the amount of the child support payments owed for the months the lump sum covered.

The mother argues that *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980), prohibits

credit for the lump sum payment. *Mask* did not address the question before this Court. In *Mask*, the daughter received monthly social security checks when her father retired. He was responsible for her support as a result of a divorce decree. The monthly social security checks were $228.20 compared to the father's support obligation of $50 a month. Apparently, the father was in default both before and during the daughter's receipt of social security. *Mask* held that when the child's receipt of social security coincides with the parent's default on support payments, accrued child support is properly offset by the social security benefits up to an amount not exceeding the monthly support obligation. The father could receive credit of $50 a month for the months when he had defaulted *and* his daughter had received social security checks. The father could not receive credit of over $50 a month; the father could not receive credit for the months he defaulted before his daughter received social security.

The trial court here followed *Mask* in calculating the father's $4,200 credit for the period from April 1980 to August 1982. The children received social security checks of between $318 and $440 each month; the court credited the father's support obligation with only $150 for each of those months. The *Mask* court's prohibition of "carry-back" credits refers to credit in the amount the social security checks exceed the support obligation to cancel arrearages accrued before payment of social security. *Mask* does not prohibit credit equal to the support obligation from a lump sum which represents the child's accrued social security benefits based on the parent's injury. The court's discussion of federal law and equitable considerations in *Mask* is not controlling.

 We hold that the father should receive a $150 credit for each month the lump sum was intended to cover from the date of his disability for the following reasons. 1) The holding is consistent with the rule that modification of accrued child support is not allowed. *Gomez v. Gomez*, 92 N.M. 310, 587 P.2d 963 (1978), *rev'd on other grounds* in *Montoya v. Montoya*, 95 N.M. 189, 619 P.2d 1233 (1980). *See* NMSA 1978, § 40–4–7(C) (Repl.Pamp.1983). 2) We do not excuse the father's support obligation. The law does not excuse non-payment. A change in circumstances requires a court's modification order. *Gomez.* 3) Credit of $150 a month for the months the lump sum is intended to cover is consistent with *Mask.* 4) Proper credit for child support arrearages is not within the trial court's discretionary power over amount of child support. *See Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978). 5) This case is distinguished on its facts from *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.App.1976), which is cited in *Mask*. In *McClaskey*, the court did not give credit for a social security lump sum payment to the defaulting father's children. The father made only sporadic child support payments after his retirement and before his ex-wife began to receive the social security benefits for their children. The *McClaskey* court remanded for findings on a possible agreement between the parents as to the lump sum, but also expressed a concern that credit should not be allowed because a parent might abuse the precedent by deliberately failing to pay while awaiting the retirement windfall. The court here made no finding that the father willfully failed to pay; instead, there is evidence that the father is 100% disabled and that the lump sum covered the period when the father was disabled but before a determination of his disability was made. The case is analogous to *Andler v. Andler*, 217 Kan. 538, 539, 538 P.2d 649 (1975), also cited in *Mask*, and accordingly, under the facts of this case, the father is entitled to credit.

**b) & c) Issues not raised in the docketing statement.**

 These issues were not raised in the docketing statement and may not now be raised for the first time in the brief in chief. NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.R. 205 (Repl.Pamp.1983); *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App.1980). These issues will not be

considered by the Court because they do not come within any exceptions to this rule. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983).

### 2) Father's Future Support Obligation

■ At the time of the district court hearing in this case, the children were not receiving social security payments due to an overpayment situation. Although payments were scheduled to resume in April 1983, there is nothing in the record to show that the children were again receiving social security at the time of the court's findings, conclusions, and judgment. Therefore, the court's determination that child support should be increased to $525 a month, based on the father's income and the Bernalillo County Child Support Guidelines, was within its discretion.

### Attorney Fees

Given the result we have reached, we hold that the parties shall bear their own appellate costs and attorney fees.

The trial court is reversed as to the lump sum allocation and affirmed as to the future support obligation.

**IT IS SO ORDERED.**

NEAL and MINZNER, JJ., concur.