**Daniel F. BURNHAM, Plaintiff–Respondent,**

v.

**Sheila Renee BURNHAM, Defendant–Appellant.**

No. 53222.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 22, 1987.

Rehearing Denied Jan. 26, 1988.

Floyd Terral Norrick, Hillsboro, for defendant-appellant.

Gregory D. O'Shea, St. Louis, for plaintiff-respondent.

KAROHL, Presiding Judge.

This appeal follows the trial court's quashing of garnishment for child support due Sheila Burnham (mother). On June 27, 1980 the Circuit Court of Jefferson County entered a dissolution decree requiring Daniel F. Burnham (father) to pay $35.00 per week for child support of one child. Subsequent to this order father paid mother various amounts at different times totaling $2,190.00 for child support. Father became disabled. Beginning in October, 1984, mother, on behalf of their minor child, received monthly social security payments varying in amount from $236 to $284 per month. Previously in September, 1984, mother received a lump-sum payment of $2537.30 from the government in respect of the disability of father. After father returned to work mother filed the present execution and garnishment proceeding against father and his employer, Chrysler Corporation, on April 17, 1986. Father filed a motion to modify the child support decree on May 26, 1986. The garnishment order was quashed in full on April 23, 1987. The appeal is from that order.

■ For two reasons father requests dismissal of this appeal: (1) he claims garnishee is a necessary party to the appeal and (2) the pending motion to modify may resolve the issue raised here. The notice of appeal was directed to the order quashing the garnishment. Accordingly the necessary party argument is vague. All of the parties were before the trial court and are before this court. The record confirms that mother timely filed her appeal of the trial court's order. This is sufficient to perfect the appeal.

■ Father's second argument for dismissing the appeal is not well taken. The general rule in Missouri is that a trial court is without jurisdiction to modify retroactively an existing decree. *Bopp v. Bopp*, 671 S.W.2d 348, 351 (Mo.App.1984). Upon hearing the motion to modify the court will decide whether a substantial change in circumstances has occurred to justify a reduction in future child support payments. Section 452.370 RSMo 1986. This will justify a change no earlier than the date the motion to modify was filed. On considering the motion to modify the motion court cannot consider the question of quashing of garnishment for arrearages to the date of the motion to modify. Father's motion to dismiss the appeal is denied.

Wife brings two related claims on appeal. First she argues the trial court erred in quashing garnishment by summarily ruling that the combined total child support and social security payments made to wife between the dates of decree and garnishment exceeded the total amount of child support due. As part of this claim wife asserts father is not entitled to credit the overage of disability payments against support arrearages. Wife's second claim is that the trial court erred in refusing to hold a hearing but instead it decided the issue based upon a limited stipulation of facts which compared the total amount of support owed

with the total amount of social security and father's payments made to mother. Because we find the first claim of error dispositive, we reverse and need not discuss mother's second claim.

The final sentence of the trial court order appealed from reads: "Court orders motion to quash sustained because total payments received by respondent [mother] exceeds total support accrued since date of decree." This court previously addressed a similar situation in *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.App.1976). In *McClaskey* the former wife brought garnishment proceedings against former husband to collect unpaid child support. The trial court sustained husband's motion to quash on the ground that the monthly social security retirement payments exceeded the amount due under the original child support decree. The court held that (1) the use of social security payments to satisfy a child support obligation is merely a change in the manner of payment and (2) the amount by which social security payments exceed the amount required under a support decree is considered gratuitous and cannot be credited as advanced payment for future support. *McClaskey*, 543 S.W.2d at 834–835.

This court expanded the *McClaskey* holding in *Newton v. Newton*, 622 S.W.2d 23 (Mo.App.1981). There, as here, father sought a credit against child support owed in the amount of social security disability payments received by mother. This court held that father was entitled to credit against current child support due from father for each monthly social security payment, but he was not entitled to any credit for over-payments by social security.

The Missouri Supreme Court reached a different conclusion regarding credit for social security payments in *Craver v. Craver*, 649 S.W.2d 440 (Mo. banc 1983). There wife sued in a new proceeding for breach of her own support (maintenance) and the court held that monthly social security payments received by former wife did not constitute payments made by husband. Therefore, as a matter of law, these government payments did not entitle husband to a set-off from decretal maintenance. *Craver*,

649 S.W.2d at 444. To be entitled to reduced or substituted support, husband must seek modification of his obligation from the court. *Id.* at 445. The *Craver* court overruled that portion of *McClaskey* inconsistent with its decision. *Id.*

■ *Craver* dealt with arrearages of maintenance payments whereas this case concerns child support arrearages. The rationale of *Craver*, however, is equally applicable. A motion to modify is required when retirement or disability triggers social security payments. As between the parties, the burden of seeking modification of the support obligation rests with the party seeking to substitute social security benefits for the amount owed under a decree. *Craver*, 649 S.W.2d at 445. Missouri statutes allow a modification to be ordered effective from the date the motion is filed. Section 452.370.1 RSMo 1986. Hence a full remedy is available to a judgment debtor who acts promptly.

■ The *Craver* court recognized the difference between third party payments (by family or friends, for example) of support and social security benefits. The latter are a matter of Federal statutory allocation of funds to dependents which occurs regardless of a court decree. The entitlement is available to spouse and eligible children without regard to marital status. Our ruling does not apply to third party, nongovernmental payments made for father with the intent to meet support obligations and received by mother for that purpose.

The Missouri Supreme Court also acknowledged in *Craver* that modification in response to receipt of social security payments may not be appropriate in all cases. *Craver*, 649 S.W.2d at 445. To hold otherwise the court would bypass the existing statutory requirements of proof of a substantial and continuing change in circumstances, Section 452.370.1 RSMo 1986. Missouri modification procedures require the court to consider "all financial resources of both parties" as well as the earning capacity of a party who is unemployed. Section 452.370.1 RSMo 1986. More is involved than loss of earning ca-

pacity because of disability. The decreed support may continue to be reasonable after retirement or disability because of other assets or substituted income (i.e., insurance proceeds). Modification procedures would be subverted if a person owing support could unilaterally apply government payments to fulfill his obligation in lieu of a court-ordered reduction.

The general rule that a trial court is without jurisdiction to modify an existing decree retroactively remains in force. See, *Bopp v. Bopp*, 671 S.W.2d 348, 351 (Mo. App.1984); *Zweifel v. Ahland*, 718 S.W.2d 660, 663 (Mo.App.1986). We read *Craver* to hold that the supporting parent, as a matter of law, is not entitled to credit against child support obligations for social security benefits owed to the custodial parent without a modification of the decree. The viable portion of *McClaskey* holds that any amount by which the social security payments exceed the amount required for support is gratuitous and not available to be applied as a credit. Therefore, we find the trial court erred in quashing garnishment on the ground that social security benefits together with father's sporadic payments exceeded the amount of child support due under the decree. The error is compounded because the "lumping" of payments may allow past and future credit for excess payments received on a periodic basis which wholly ignores *Craver* and partially ignores *McClaskey*.

Father also argues that the exact amount of support due was in dispute and unascertainable by the court. This is factually wrong. The amount of child support ordered is $35 per week. According to the stipulation filed with the trial court, father had personally paid a total of $2190 during the relevant period. The stipulation also contains a statement that $12,425 was due wife for child support arrearage accruing from June 27, 1980 (the date of the decree) to April 17, 1986 (the date mother filed for garnishment). After subtracting the $2190 paid by father, the accrued arrearage was ascertainable to be $10,235. Even without the stipulation, the weekly award multiplied by the proper number of weeks equals the total child support due mother.

By reference to a calendar the court can accurately determine the amount of support due using simple mathematics. This figure may change if the child support is changed by the court when hearing and considering the motion to modify filed May 26, 1986 as the change relates to child support accruing after that date.

We reverse and remand. The trial court shall set aside the quashing garnishment and enforce the child support judgment in a manner not inconsistent with this opinion.

SMITH and KELLY, JJ., concur.