1 P.3d 974

2000-NMCA-042

**Rose Mary PEDERSEN, Petitioner–Appellant,**

v.

**Edmund J. PEDERSEN, Respondent–Appellee.**

No. 20,454.

Court of Appeals of New Mexico.

April 17, 2000.

Mark A. Filosa, Filosa & Filosa, Truth or Consequences, for Respondent–Appellee.

James T. Locatelli, Las Cruces, for Petitioner–Appellant.

## OPINION

ALARID, Judge.

{1}   This case presents the issue of whether a disabled parent is entitled to a mandatory credit against his child support obligation based upon federal social security benefits paid directly to the child as the dependent of a disabled wage-earner. For the reasons set forth below, we hold that the decision to award such a credit is discretionary, subject to the requirements of NMSA 1978, § 40–4–11.2 (1989). Because the trial court appears to have erroneously believed that he was required to award such a credit in Father's favor, we reverse.

{2}   Under NMSA 1978, § 40–4–11.1 (1988, as amended through 1995), child support is calculated based on the *parents'* gross income. There is no provision in Section 40–4–11.1 for calculating basic child support based on the *child's* income. Rather, the child's income (whether from social security, his or her own earnings, from a trust established by grandparents or other sources) is relevant solely as a ground for deviating from the guidelines pursuant to Section 40–4–11.1.

{3}   Other states have made express provision in their guidelines for setting-off social security benefits payable to the child. Laura W. Morgan, *Child Support Guidelines* § 2.03[e] at note 88 (1999 Supp.). If our Legislature had intended to enact a mandatory deduction for social security benefits payable to the child, it could have easily made express provision in the worksheet for crediting social security benefits against the disabled spouse's child support obligation.

{4} In *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980), the father had been ordered to pay child support of $50 a month. After many years of ignoring this obligation, he retired. At that point his child qualified for social security benefits as the dependant child of a retired wage-earner. These benefits amounted to $228 a month. It is not clear from the reported decision what other resources the parents had. Under these facts, the Supreme Court held that it would be "inequitable" not to apply $50 a month of the social security benefit as a set-off against child support. This still resulted in a net gain to child of $178 a month from the social security benefit. We find it significant that in *Mask*, the Supreme Court held that the father "*may* receive a credit against his support obligation." *Id.* at 231, 620 P.2d at 885 (emphasis added). We believe that the Supreme Court's use of *may*, rather than *shall*, was intended to underscore the trial court's discretion in allocating social security benefits payable directly to the child.

{5} In the present case, the $370 a month social security payment very likely will make a significant difference in the standard of living of the household to which it is allocated. In contrast to *Mask*, the present case presents a situation in which *not* allowing a credit may be the more equitable result. We hold that, in allowing a credit against basic child support for off-schedule sources of income, such as social security benefits paid directly to the child, Section 40–4–11.2 requires the trial court to exercise its discretion on a case-by-case basis, with the child's standard of living a crucial factor.

{6} On remand, the trial court should calculate the parties' basic child support obligations without regard to the $370 a month social security benefits received by the child as the dependant of a disabled wage-earner. Then, pursuant to Section 40–4–11.2, the trial court should make findings explaining how and why the child's receipt of $370 a month in social security benefits justifies giving Father a full or partial credit against the guideline amount of child support. The burden of proving grounds for a credit should be allocated to Father. *See* § 40–4–11.2.

{7} The trial court's May 14, 1999 Modification Order is vacated and this matter remanded for further proceedings consistent with this opinion.

{8} **IT IS SO ORDERED.**

BUSTAMANTE and ARMIJO, JJ., concur.