This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41032

**VALENTINA E. WALKER n/k/a**
**VALENTINA E. BASILE,**

Petitioner-Appellant,

v.

**JOSEPH C. WALKER,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Law Office of Augustine M. Rodriguez, LLC
Augustine M. Rodriguez
Albuquerque, NM

for Appellant

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Philip M. Kovnat
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**     Petitioner Valentina E. Walker n/k/a Valentina E. Basile, appeals the district court's final order on Respondent Joseph C. Walker's objections to the hearing officer's child support modification award. The hearing officer reached its modified child support award based in part on a calculation that included the cost of sending the parties two minor children to private school. Sending children to private school was not the status

quo and was Petitioner's unilateral decision. In its order, the district court held that any cost or expense for sending children to private school is Petitioner's responsibility and that those costs and fees would "not be considered on any child support worksheet." The district court's order also held that Petitioner would have to reimburse Respondent for a series of child support overpayments. We affirm.

**DISCUSSION**

**{2}** Because this is a memorandum opinion and the parties are familiar with the lengthy procedural history and facts on appeal, we discuss the facts only as they become necessary to our analysis.

**{3}** On appeal, Petitioner argues the district court (1) erred because it had previously ruled that Respondent would not be reimbursed for overpayments; (2) misstated the law of apportionment regarding private school costs by failing to consider "substantial hardship" to Respondent, as well as "any extraordinary educational expenses for children of parties," *see* NMSA 1978, §§ 40-4-11.2 (2021, amended 2023); 11.1(K)(2) (2021, amended 2023);[1] (3) erred by failing to rule on the issue of whether Petitioner would be reimbursed for the credit Respondent received by failing to provide medical insurance to the children; and (4) deprived Petitioner of due process by holding a hearing when she was on active duty with the U.S. Air Force. Respondent declined to file an answer brief. *See Mannick v. Wakeland*, 2005-NMCA-098, ¶ 39, 138 N.M. 113, 117 P.3d 919 ("[A]n appellee does not . . . have to file a brief, and the appellate court will review the case in accordance with the same favorable view of the proceedings below.").

**{4}** Child support determinations are reviewed for abuse of discretion. *Jury v. Jury*, 2017-NMCA-036, ¶ 26, 392 P.3d 242. "The [district] court's discretion, however, must be exercised in accordance with the child support guidelines." *Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. "The [district] court abuses discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinkseik*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (alteration, internal quotation marks, and citation omitted). "In determining whether a deviation from the child support guidelines resulted from a misapprehension of law, we apply de novo review." *Jury*, 2017-NMCA-036, ¶ 26.

**{5}** We begin with Petitioner's argument that the district court erred by holding that Respondent was entitled to reimbursement for past child support overpayments because it had previously orally ruled that Respondent would not be reimbursed. Petitioner claims that the district court held that Respondent would not receive reimbursement during a presentment hearing when it stated, "I understand why [Respondent] would want consideration for an overpayment. I would suggest that that's not a good . . . I would suggest that is absolutely unnecessary." However, following a subsequent presentment hearing, the district court held that Respondent *would* receive

---

1All references to Sections 40-4-11.2 and 40-4-11.1(K)(2) noted in this opinion are to the 2021 versions of the statutes, which were in effect when this case was decided.

reimbursement for his overpayments, which totaled $7,864.54. Petitioner states that the entire final order should be set aside based on the district courts oral statement suggesting that reimbursement was unnecessary. We disagree and explain.

**{6}** "Formal written orders filed of record normally supersede oral rulings, and oral rulings cannot normally be used to contradict written orders." *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 25, 126 N.M. 196, 967 P.2d 1136; *see also Smith v. Love*, 1984-NMSC-061, ¶ 4, 101 N.M. 355, 683 P.2d 37 (noting that the district court may change its ruling "anytime before the entry of the final judgment"). Here, prior to issuing the final order, the district court heard additional evidence at a subsequent presentment hearing during which Respondent showed that he had been paying $462.62 monthly for health insurance, which had not been deducted from his child support payments for seventeen months. Given this evidence, the district court clarified that Respondent should, in fact, receive reimbursement for his overpayments. *See Boutz v. Donaldson*, 1999-NMCA-131, ¶ 8, 128 N.M. 232, 991 P.2d 517 ("[A] reviewing court will make all reasonable inferences from the evidence to support the judgment below."). Based on the forgoing, we affirm the district court because Petitioner has failed to demonstrate error in the face of our clear case law regarding the district court's discretion to issue a written order that differs from an oral ruling.

**{7}** Petitioner's second argument concerns the district court's determination that "sole legal custody does not provide [Petitioner] the ability to hold [Respondent] financially responsible" for sending the children to private school. Petitioner claims that Respondent bore the burden of proving that "contributing to the costs of the private school would be a substantial hardship to him" before the district court could reach this conclusion. We disagree—Petitioner misconstrues the burdens of the parties. Here, Petitioner requested the deviation from the child support guidelines to include the costs of private school tuition. As such, she carried the burden to justify the requested change. *See Jury*, 2017-NMCA-036, ¶ 37 ("[A] petitioner must demonstrate a substantial change in circumstances affecting the welfare of the children to justify a modification."); *see also* NMSA 1978, § 40-4-11.4(A) (2021) (providing that "[a] court may modify a child support obligation upon a showing of material and substantial changes in circumstances subsequent to the adjudication of the pre-existing order").

**{8}** In addition, we do not read the permissive language of Section 40-4-11.2 to require a party to demonstrate substantial hardship to justify deviating from the child support guidelines. *See id.* ("Circumstances creating a substantial hardship in the obligor, obligee or subject children *may* justify a deviation upward or downward from the amount that would otherwise be payable under the guidelines and basic child support schedule." (emphasis added)). "The word 'may' is permissive, and is not the equivalent of 'shall,' which is mandatory." *Cerrillos Gravel Prods., Inc. v. Bd. of Cnty. Comm'rs*, 2004-NMCA-096, ¶ 10, 136 N.M. 247, 96 P.3d 1167; *cf. Pederson v. Pederson*, 2000-NMCA-042, ¶ 4, 129 N.M. 56, 1 P.3d 974 (noting that "the Supreme Court's use of *may,* rather than *shall,* was intended to underscore the [district] court's discretion in allocating social security benefits payable directly to the child"). We therefore decline to

hold that Respondent had to prove substantial hardship to refute a potential change in child support.

**{9}** Petitioner additionally argues that the district court misconstrued the law upon concluding that Respondent did not have to pay for the children's private school tuition because child support guidelines mandate consideration of "extraordinary educational expenses" under Section 40-4-11.1(K)(2). Neither the statute nor our case law support Petitioner's claim. *See Styka*, 1999-NMCA-002, ¶ 42 (noting that the use of the word "may" in Section 40-4-11.1(K) indicates that the district court has discretion to decide whether to include the costs of private school as "extraordinary educational expenses" in the child support worksheet). Consequently, we conclude that the district court did not err in its application of Sections 40-4-11.1(K)(2) or -11.2.

**{10}** We next consider Petitioner's third argument—that the district court failed to rule on the issue of whether she would be reimbursed for medical insurance expenses. Petitioner filed a motion for summary and declaratory judgment that included a request for reimbursement for medical insurance expenses. Several months later, the parties entered a stipulated order in which Petitioner withdrew her motion for summary and declaratory judgment. Having withdrawn her claim, we hold that Petitioner cannot now complain that the district court did not rule on this issue. *See Chris L. v. Vanessa O.*, 2013-NMCA-107, ¶ 27, 320 P.3d 16 ("Invited error occurs where a party has contributed, at least in part, to perceived shortcomings in a [district] court's ruling, and, as a result, the party should hardly be heard to complain about these shortcomings on appeal." (alteration, omission, internal quotation marks, and citation omitted)).

**{11}** We thus turn to Petitioner's fourth and final argument. Petitioner claims that the district court deprived her of due process by conducting a hearing while she was on active duty with the U.S. Air Force and delaying in issuing a final order. Petitioner claims that the U.S. Code, specifically 50 U.S.C. § 3938 (Child custody protection), "requires that legal proceedings be stayed pending return from military deployment." Section 3938 states,

> (a)     Duration of temporary custody order based on certain deployments
>
> If a court renders a temporary order for custodial responsibility for a child based solely on a deployment or anticipated deployment of a parent who is a servicemember, the court shall require that the temporary order shall expire not later than the period justified by the deployment of the servicemember.
>
> (b)     Limitation on consideration of member's deployment in determination of child's best interest
>
> If a motion or a petition is filed seeking a permanent order to modify the custody of the child of a servicemember, no court may consider the absence of the servicemember by reason of deployment, or the possibility

of deployment, as the sole factor in determining the best interest of the child.

    (c)    No Federal jurisdiction or right of action or removal

        Nothing in this section shall create a Federal right of action or otherwise give rise to Federal jurisdiction or create a right of removal.

    (d)    Preemption

        In any case where State law applicable to a child custody proceeding involving a temporary order as contemplated in this section provides a higher standard of protection to the rights of the parent who is a deploying servicemember than the rights provided under this section with respect to such temporary order, the appropriate court shall apply the higher State standard.

    (e)    Deployment defined

        In this section, the term "deployment" means the movement or mobilization of a servicemember to a location for a period of longer than 60 days and not longer than 540 days pursuant to temporary or permanent official orders

        (1)    that are designated as unaccompanied;

        (2)    for which dependent travel is not authorized; or

        (3)    that otherwise do not permit the movement of family members to that location.

**{12}** No portion of this statute supports Petitioner's claim that it requires proceedings be stayed during military deployment. *See State ex rel. Child., Youth & Fams. Dep't v. Douglas B.*, 2023-NMSC-028, ¶ 13, 539 P.3d 294 (noting that when interpreting the U.S. Code, "we look first to the plain language of the statute, giving the words their ordinary meaning" (internal quotation marks and citation omitted)). We further note that § 3938 only pertains to child custody disputes—not child support, which was at issue at the emergency hearing that occurred when Petitioner was deployed.

**{13}** Additionally, we note that at the emergency hearing, which Respondent had requested to prevent the children from attending private school, Petitioner's counsel motioned for a continuance until she returned. The district court denied the motion because Petitioner was able to attend the hearing telephonically. As such, Petitioner has failed to demonstrate prejudice arising from her physical absence at the emergency hearing—she attended telephonically and had an opportunity to respond to Respondent's request to prevent the children from attending private school.

**{14}** Finally, Petitioner argues that the district court denied her due process by failing to issue a final order until a year-and-a-half after the evidentiary hearing. However, Petitioner has not offered any authority to support her argument, and the argument is undeveloped—Petitioner fails to explain how she was prejudiced beyond her general claim. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments."). We therefore conclude that Petitioner has failed to demonstrate reversible error.

**CONCLUSION**

**{15}** For the foregoing reasons, we affirm.

**{16}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**